*Tagged opinion*
*Do not Publish*



**ORDERED in the Southern District of Florida on October 29, 2020.**

**Laurel M. Isicoff
Chief United States Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:                                              Case No. 12-37089- LMI

KENNETH SCHWARTZ and            Chapter 7
VALERIE SCHWARTZ,

       Debtors.
_____/

## ORDER ON DEBTORS' REQUEST FOR SANCTIONS

This matter came before the Court on the *Motion For An Order Of Civil Contempt By The Debtor Kenneth Schwartz, Against MetLife Home Loans, Duane Morris LLP, And Brett Messinger* (ECF ##242, 243, 244, 256)(collectively the "Contempt Motion") filed by the former Debtor, Kenneth Schwartz ("Schwartz"). The Court granted the Contempt Motion in part, in its *Order Granting in Part and Denying in Part Motion for Civil Contempt* (ECF #281)(the "Contempt Order").

1

The Court held that MetLife Home Loans ("MetLife") violated the discharge injunction by taking action against the Debtor in the State Court Action after this Court held that the Debtor's obligation to MetLife was discharged[1]. The Court directed Schwartz to submit detailed time records showing all costs and fees associated with the prosecution of the Contempt Motion and gave MetLife a deadline to either pay or file an objection. Schwartz filed his accounting[2] (the "Sanction Request") seeking $13,440.00 for time spent (38.4 hours at $350.00 an hour) and reimbursement of $897.38 for out of pocket expenses. Schwartz also requested that this Court impose sanctions of $500.00 a day until MetLife discontinues the State Court Action.

MetLife filed its objection to the Sanction Request[3] (the "Objection") arguing that (a) as a disbarred lawyer and a pro se party Schwartz is not entitled to fees; (b) Schwartz did not provide any back up for his expense request; and (c) the sanctions requested by Schwartz are moot, coercive, and therefore not within this Court's jurisdiction. Schwartz responded[4] that (a) he is not seeking legal fees, but rather, hourly compensation for his time in having to deal with MetLife's sanctionable conduct; (b) MetLife did not question the reasonableness of the claimed expenses and therefore any objections are waived; and (c) coercive

---

[1] All capitalized terms not defined herein shall have the meaning assigned in the Contempt Order.
[2] *Accounting by the Debtor Kenneth Schwartz, for Time Records and Out of Pocket Expenses, in Compliance with the Order of Contempt Against MetLife Home Loans Dated July 28, 2020* (ECF #283).
[3] *Objection to Accounting and Request for Monetary Sanctions by The Debtor for Time Records, Out of Pocket Expenses, and Daily Fines, Pursuant to the Order of Contempt Against Respondents, Dated July 28, 2020* (ECF #291).
[4] *Declaration in Reply by the Debtor Kenneth Schwartz in Support of Accounting for Time Entries and Expenses, in Compliance With the Order of Contempt Against MetLife Home Loans Dated July 28, 2020* (ECF #294).

sanctions are appropriately awarded by this Court to coerce MetLife to do what this Court ordered it to do – dismiss the State Court Action with respect to him.

Schwartz is not entitled to be reimbursed for his time. While there is no question that a wronged party may seek reimbursement of attorney fees as a sanction for violating the automatic stay or the discharge injunction, there is also no question that a pro se party, even if that party is an attorney, is *not* entitled to claim his or her own time as an attorney fees sanction[5].  Schwartz has not cited any law, statutory, common or otherwise, to support his claim for "time spent"; this is clearly an attorney fees claim and it is DENIED.

Schwartz claims that he is not required to provide any support for his expenses; he is not correct. Therefore, while it does not appear that Schwartz' claim for expenses is unreasonable, Schwartz must provide some support. Schwartz is directed to submit within fourteen (14) days of the date of this order invoices, statements, or any other source that shows the expenses claimed.

Finally, Schwartz' request for sanctions based on MetLife's failure to comply with the Contempt Order is GRANTED in part. There is no question that the bankruptcy court has authority to issue sanctions in order to coerce

---

[5] In *Massengale v. Ray*, 267 F.3d 1298 (11th Cir. 2001), the Eleventh Circuit held "[b]ecause a party proceeding pro se cannot have incurred attorney's fees as an expense, a district court cannot order a violating party to pay a pro se litigant a reasonable attorney's fee as part of a sanction." *Id.* at 1302-03.  *Accord In re Fitzpatrick*, 468 B.R. 391 (Bankr. C.D. Cal. 2012) (holding that attorney representing herself pro se was not entitled to attorney fees as a sanction for a stay violation).

compliance with a lawful court order[6]. While MetLife appealed the Contempt Order[7] MetLife has not argued that the Contempt Order is unlawful.

MetLife argues that it has withdrawn the counterclaim it filed in the State Court Action, but it has not taken any other action directed by the Contempt Order, which requires either dismissal of Schwartz from the State Court Action, or some act that makes clear in the State Court Action that Schwartz is solely a nominal defendant. If in fact, MetLife has not complied with the Contempt Order, then the Court agrees with Schwartz that MetLife should be subject to some kind of monetary sanction until it complies. However, the Court must take evidence to determine whether MetLife has failed to comply with the Contempt Order. Thus MetLife is directed to submit sworn declarations within fourteen (14) days of the date of this order that demonstrate that MetLife has either dismissed Schwartz from the State Court Action or has taken all steps necessary to evidence that Schwartz is merely a nominal party and has no responsibility in the State Court Action as a litigant party. Schwartz will have fourteen (14) days thereafter to file any opposing declarations. The Court will then determine if an evidentiary hearing is necessary.

If MetLife is unable to demonstrate that it has complied with the Contempt Order, then MetLife will be responsible for sanctions in the amount of $100 a day from the date of this Order until compliance.

---

[6] *In re Ocean Warrior, Inc.*, 835 F.3d 1310, 1316 (11th Cir. 2016) ("Civil contempt power is inherent in bankruptcy courts since all courts have authority to enforce compliance with their lawful orders.").

[7] MetLife's appeal was later dismissed without prejudice as unripe, pending entry of this order.

# # #

Copies furnished to:

Kenneth Schwartz
Kassia Fialkoff, Esq.

*Clerk of court shall serve a copy of this Order on all interested parties.*